# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 4180 | **DATE** | 7/15/2010 |
| **CASE TITLE** | Bank of America N. A. v. River West Plaza - Chicago LLC | | |

**DOCKET ENTRY TEXT**

For the reasons discussed below, Bank of America N. A.'s motion for leave to appeal is denied. Because Bank of America still has the opportunity to address these issues more thoroughly and to resolve them in the bankruptcy court, appellate review in this court is not warranted and the appeal is dismissed.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

On December 7, 2009, River West Plaza-Chicago, LLC d/b/a Joffco Square ("River West") filed a voluntary Chapter 11 petition for bankruptcy relief. Bank of America claimed a security interest in property owned by River West. According to Bank of America, the parties had negotiated a series of orders that allowed River West to use some of its cash collateral for certain operating expenses during the proceedings. As part of the agreement, River West made monthly interest payments to Bank of America.

During a hearing on May 26, 2010, the bankruptcy court granted a proposed revision of the cash collateral order which allowed River West to use roughly $185,000 to pay professional fees related to its bankruptcy case. In addition, under the revised order, River West was no longer required to make interest payments to Bank of America. Bank of America argued that the bankruptcy court's method of determining the collateral's value, and its determination that Bank of America was adequately protected without the interest payments, was erroneous and contrary to the district court's decision in *In re Fed. Nat'l Mortgage Ass'n v. DaGon Bolingbrook Assocs. Ltd.*, 153 B.R. 204 (N.D. Ill. 1993) (Alesia, J.). The bankruptcy court rejected the argument and explained that the revisions to the order were necessary for River West to continue operating. Moreover, the bankruptcy court expressed a willingness to revisit the issue, stating: "I'll enter the order now and you have an opportunity to bring a Rule 59 motion pursuant to 9023 to point out to me in what respect I'm mistaken." Hearing Transcript at 12-23-13:1. The judge added that if Bank of America could convince him that he was mistaken, he was "confident that this can be restored." *Id.* at 13:15. A two-day trial regarding confirmation of the parties' competing reorganization plans is set for July 30, 2010. *See In re: River West Plaza-Chicago, LLC, d/b/a Joffco Square*, No. 09-46258 (Bankr. N.D. Ill. May 20, 2010) (Doc. 203) (agreed plan and confirmation scheduling order).

On June 6, 2010, Bank of America moved pursuant to 28 U.S.C. § 158(a)(3) for leave to appeal the bankruptcy court's decision. As Bank of America acknowledges, the bankruptcy court's decision is an interlocutory order. It is well-settled that "[n]ormally, a party does not have an absolute right to take an

| STATEMENT |
|---|

interlocutory appeal from the bankruptcy court . . . . Instead, the party must seek the leave of the district court." *In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006) (citations omitted). In reviewing such motions, courts have adapted the factors outlined in 28 U.S.C. § 1292(b) used by circuit courts in deciding whether to grant interlocutory appeals of district court decisions. *See, e.g.*, *In re Automotive Professionals, Inc.*, 379 B.R. 746, 751 (N.D. Ill. 2007). Accordingly, an appeal from an interlocutory order of a bankruptcy court is allowed when it "(1) involves a controlling question of law; (2) over which there is substantial ground for difference of opinion; and (3) an immediate appeal from the order may speed up the litigation." *Id.* (brackets and quotation marks omitted). The moving party must satisfy all three factors. *Id.* Moreover, the party seeking leave to appeal "also bears the burden of convincing the court that his case involves exceptional circumstances that justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Id.*

With the possible exception of factor (2), Bank of America has failed to show that it meets these requirements. As to factors (1) and (3), it offers little more than conclusory assertions. Even with respect to factor (2), Bank of America's argument is far from compelling. In support of its claim that the issue "is one over which there is substantial ground for difference of opinion," Bank of America notes that in response to its claim that the bankruptcy court's order conflicted with *In re Fed. Nat'l Mortgage Ass'n,* the bankruptcy court responded, "It is very common for bankruptcy courts to disagree with district courts in a multi-judge district. The finding of the individual district court judge is not binding on the bankruptcy judges within that district. So it's completely possible for there to be disagreements that would have to be resolved ultimately by the Court of Appeals." Hearing Transcript at 9:8-15. This general statement about the potential for disagreement between bankruptcy courts and district courts is not an admission that such a conflict exists in this case.

Perhaps more importantly, Bank of America has made no mention of any extraordinary circumstances in this case that might warrant interlocutory review of the bankruptcy court's order. The need for interlocutory review is even further undermined by the fact that the confirmation hearing has been scheduled for the end of this month -- a fact that Bank of America's motion does not mention. Because Bank of America still has the opportunity to address these issues more thoroughly and to resolve them in the bankruptcy court, appellate review in this court is not warranted.